IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Stephanie Swint, | : | |
| Plaintiff | : | Civil Action 2:12-cv-0480 |
| | | And Consolidated Abuelo Cases: |
| v. | : | 2:12-cv-0543  (Sowell) |
| | | 2:13-cv-0124  (Miller) |
| Food Concepts International, LP, *et al.*, | : | 2:13-cv-0125  (Crozier) |
| | | 2:13-cv-0126  (Coleman) |
| Defendants | : | 2:13-cv-0127  (Gibbs) |
| | | 2:13-cv-0129  (Johnson) |
| | : | 2:13-cv-0130  (Troyer) |
| | | 2:13-cv-0131  (Autrey) |
| | : | 2:13-cv-0132  (Tigner) |
| | | 2:13-cv-0133  (McEldowney) |
| | : | 2:13-cv-0134  (Keegan) |
| | : | Judge Marbley |
| | : | Magistrate Judge Abel |

# Order

This matter is before the Magistrate Judge on plaintiff Rachel Autrey's July 17, 2013 motion for leave to file an amended complaint (doc. 22).

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend the complaint after a responsive pleading has been filed only by leave of court, but requires that such leave "be freely granted when justice so requires." Rule 15(a), Fed. R. Civ. P. That standard was construed by the Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182 (1962):

1

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.--the leave sought should be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court . . . .

*See, Duggins v. Steak 'N Shake,* 195 F.3d 828, 834 (6th Cir. 1999).

The Sixth Circuit has ruled that "[i]t is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation,* 632 F.2d 21, 23 (6th Cir. 1980) (citing *Buron v. California,* 438 F.2d 637 (9th Cir. 1971) (per curiam); *Matthews v. Jones,* 35 F.3d 1046, 1050 (6th Cir. 1994). A court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous. *See Madison Fund, Inc. v. Denison Mines Ltd.,* 90 F.R.D. 89, 91 (S.D.N.Y. 1981); *Key Pharmaceuticals, Inc. v. Lowey,* 54 F.R.D. 445, 449 n.5 (S.D.N.Y. 1972). Normally, the merits of a complaint are best resolved through a motion to dismiss or a motion for summary judgment. *See WIXT Television, Inc. v. Meredith Corp.,* 504 F. Supp. 1003, 1010 (N.D. N.Y. 1980). However, if there is no set of facts which could be proved under the amendment which would constitute a valid and sufficient claim, leave should be denied. *See Cooper v. American Employers' Ins. Co.,* 296 F.2d 303, 307 (6th Cir. 1961).

Allegations in the Proposed Amended Complaint. The proposed amended complaint contains numerous allegations concerning other employees that are unrelated or not directly relevant to plaintiff's claims. With respect to Autrey specifically, the proposed amended complaint asserts that DelVecchio and Myers treated plaintiff less favorably than other employees and harassed her based on her gender. Proposed Am. Compl. ¶¶ 31-32. Within the first two weeks of April 2010, DelVecchio physically moved plaintiff from the location in which she was standing and made a demeaning comment about women. On July 17, 2010, plaintiff witnessed DelVecchio physically assault a female employee. *Id.* at ¶ 33. Between November 2009 and April 2011, plaintiff witnessed Myers's discriminatory practices regarding gender. *Id.* at ¶ 35. During April 2010, plaintiff witnessed DelVecchio's discriminatory practices regarding gender. *Id.* at ¶ 36. Plaintiff was repeatedly subject to unwelcome harassment by DelVecchio, and he treated other employees more favorably that female employees. *Id.* at ¶¶ 40-41. DelVecchio made gender based derogatory comments and referred to plaintiff and other female employees as "bitches." *Id.* at ¶ 42. Plaintiff was subjected to unwelcome sexual harassment. *Id.* at ¶ 47. DelVecchio made discriminatory comments about plaintiff's gender. *Id.* at ¶ 48. Caucasian heterosexual employees were disciplined less severely than female employees. *Id.* at ¶¶ 51-52. During her employment, plaintiff was repeatedly subjected to unwelcome abusive and a hostile work environment by DelVecchio. *Id.* at ¶ 67. DelVecchio's harassing conduct was so severe and pervasive that it altered plaintiff's working conditions. *Id.* at ¶ 70. DelVecchio either intended to

3

cause and knew or should have know that his actions would result in serious emotional distress to plaintiff. *Id*. at 82. Plaintiff suffered severe emotional distress manifested by depression, anxiety, elevated blood pressure, weight loss and weight gain. *Id*. at ¶¶ 83-84. DelVecchio's conduct was so extreme that it went beyond all possible bounds of decency that it can be considered utterly intolerable in a civilized community and that no reasonable person would be expected to endure it. *Id*. at ¶¶ 85-86. Defendant Myers made derogatory comments about women during management meetings and said that he did not need any more female managers in the region. *Id*. at ¶¶ 91-92. On June 18, 2010, Autrey reported that defendant "put his hands on me." Defendants' employee's notes indicate that this is second time DelVecchio had put his hands on an employee. *Id*. at 102. Plaintiff complained to Edward Liniham regarding discrimination and the hostile work environment. *Id*. at ¶ 116.

Arguments of the Parties. Defendants argue that the amended pleading would be futile for all causes of action except for plaintiff's claim for unpaid wages under the Fair Labor Standards Act and breach of contract. Rachel Autrey worked as a hostess for Abuelo's restaurant from November 2009 until July 29, 2010. Autrey returned to work at Abuelo's restaurant on November 20, 2010 until she voluntarily resigned in June 2011. Defendant Darren DelVecchio worked as the general manager of Abuelo's from April 2010 until January 12, 2011.

Count III of the proposed amended complaint asserts a claim for negligent retention based on the wrongful acts of DelVecchio. Defendants maintain that the claim

for negligent retention is barred by the two year statute of limitations. DelVecchio was terminated on January 12, 2011, which was the last day he worked at the restaurant. According to defendants, the last possible date that DelVecchio could have engaged in wrongful acts toward plaintiff would have been on January 11, 2011, but plaintiff was not working on that date. Therefore, defendant maintains that plaintiff was required to file her claim for negligent retention no later than January 10, 2013.[1]

In response to defendant's opposition, plaintiff filed a reply in support of her motion stating that Ohio Revised Code § 2305.15 tolls the running of the statute of limitations during defendant's absence, concealment or imprisonment. Plaintiff argues that because DelVecchio decided to move to Texas immediately following his termination, the statute of limitations has not run on plaintiff's claim for negligent retention.[2]

Defendants argue that plaintiff's claim for discrimination in violation of Ohio Revised Code § 4112 also is futile. The proposed amended complaint merely recites some of the elements for a hostile work environment claim coupled with conclusory statements. The proposed amended complaint fails to provide any specific facts

---

[1] In their memorandum in opposition, defendants assert that plaintiff was required to file her claim at least by January 10, *2011*, but presumably they meant 2013.

[2] Plaintiff's reliance on section 2305.15 of the Ohio Revised Code is misplaced. Plaintiff's claim for negligent hiring, supervision and retention is not directed toward DelVecchio. Instead, plaintiff seeks to hold DelVecchio's *employer* accountable for his actions. The individuals or entities that were allegedly negligent in their hiring, supervising and retaining of DelVecchio did not abscond or conceal themselves. As a result, Section 2305.15 is not applicable, and the statute of limitations was not tolled.

supporting plaintiff's claim for discrimination, and it fails to identify the particular protected class for which she was subjected to discrimination. Instead, the proposed amended complaint lists all the classes protected by Ohio Revised Code § 4112 without actually providing facts that identify the protected class of which plaintiff is a member. Defendants further argue that plaintiff has not provided any specific allegations as to how defendants discriminated against her. Plaintiff has failed to make any allegations demonstrating that she can make a prima facie case of discrimination.

 Defendants also argue that plaintiff fails to allege any specific facts regarding how she suffered from a hostile work environment. The majority of plaintiff's allegations concern other employees. Defendants maintain that the proposed amended complaint fails to allege that defendants harassed her based on her membership in a protected class. According to defendants that factual allegations do not demonstrate that the environment was sufficiently severe or pervasive to be actionable.

 Defendants further argue that plaintiff's proposed claim for intentional infliction of emotional distress fails because the proposed amended complaint does not allege conduct that was extreme and outrageous that cause severe emotional distress.

 Defendants maintain that the proposed amended complaint fails to contain any allegations demonstrating that she can make a prima facie case of retaliation. Plaintiff failed to articulate how she engaged in protected activity.

Plaintiff failed to make any substantive response to the arguments in defendants' memorandum in opposition other than to rely on Section 2305.15 of the Ohio Revised Code with respect to her claim for negligent hiring, supervision and retention.

Discussion. The proposed amended complaint contains conclusory statements with few factual allegations for their support. For example, with regard to plaintiff's claims for a hostile work environment and sexual harassment, plaintiff makes the following allegations. Plaintiff generally asserts that DelVecchio and Myers treated plaintiff less favorably than other employees and harassed her based on her gender. See Proposed Am. Compl. ¶¶ 31-32. Plaintiff provides very little factual details. She asserts that between November 2009 and April 2011, plaintiff witnessed Myers's discriminatory practices regarding gender. Id. at ¶ 35. What these practices were or what specifically occurred is unknown. Furthermore, plaintiff cites to a six month period of time with respect to Myer. No specific date, day, shift or conduct is provided. With respect to defendant DelVecchio, the proposed complaint asserts that during April 2010, plaintiff witnessed DelVecchio's discriminatory practices regarding gender. Id. Again, no specific, date, shift or incident is provided. Plaintiff does allege a specific incident that occurred within the first two weeks of April 2010 in which DelVecchio physically moved her from the location in which she was standing and made a demeaning comment about women. No further details are provided. Plaintiff does not provide the day or shift on which the incident occurred. While it is certainly inadvisable for a supervisor to physically move an employee from where she is standing, it is

7

difficult to discern from these facts what actually occurred and whether the conduct is actionable. On July 17, 2010, plaintiff witnessed DelVecchio physically assault a female employee. *Id.* at ¶ 33. Plaintiff was repeatedly subject to unwelcome harassment by DelVecchio, and he treated other employees more favorably that female employees. *Id.* at ¶¶ 40-41. Again, no specific details are provided beyond this general statement. No date or day of the week is provided, nor is the time or shift provided.  DelVecchio made gender based derogatory comments and referred to plaintiff and other female employees as "bitches."  *Id.* at ¶ 42. Additional examples of plaintiff's statements that fail to provide necessary detail include the following: plaintiff was subjected to unwelcome sexual harassment, and DelVecchio made discriminatory comments about plaintiff's gender. *Id.* at ¶¶ 47-48. Caucasian heterosexual employees were disciplined less severely than female employees. *Id.* at ¶¶ 51-52. The proposed complaint does not provide any details on how or when plaintiff was disciplined and for what alleged infraction. Despite the assertion that other employees were treated more favorably, she provides no examples from which a comparison of treatment can be made.  The proposed complaint makes conclusory statements such as during her employment, plaintiff was repeatedly subjected to unwelcome abusive and a hostile work environment by DelVecchio, and his harassing conduct was so severe and pervasive that it altered plaintiff's working conditions. *Id*. at ¶¶ 67 & 70. Even when some factual allegations are made such as defendant Myers made derogatory comments about women during management meetings and said that he did not need any more female

managers in the region, no dates are provided for the incidents. *Id*. at ¶¶ 91-92. On June 18, 2010, Autrey reported that defendant "put his hands on me." Defendants' employee's notes indicate that this is second time DelVecchio had put his hands on an employee. *Id*. at 102. Here, it is not clear whether Autrey is referring to the earlier incident that occurred within the first two weeks of April 2010, or if her report was in regard to a different incident.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570. It is difficult to say whether the allegations in the proposed complaint could withstand a motion to dismiss. For instance, to support her claim for discrimination, a hostile work environment, and retaliation, plaintiff alleges that female employees were referred to as bitches and DelVecchio placed his hands on her. There are no further factual allegations other than general statements that she was subjected to a hostile working environment and that derogatory comments were made. Other than her dates of employment, few specific dates are provided. The proposed amended complaint makes the conclusory allegations that DelVecchio started treating Autrey and other women less favorably than other employees and harassing them beginning in and around April 2010, Proposed Am. Compl. ¶ 31; that Myers began treating Autrey and other women less favorably and harassing them in and around November 2009. *Id*. at ¶ 32. DelVecchio physically moved Autry from a location where she was standing and made a demeaning comment about women. *Id*. at ¶ 33.

9

A complaint must give defendants fair notice of the claims makes against them and the grounds on which those claims rest. Rule 8(a), Fed. R. Civ. P.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff has been repeatedly instructed to provide an individualized statement of the claims against each defendant including the dates on which the actionable conduct allegedly took place. *See* doc. 9 (March 12, 2013 Scheduling Conference Order); doc. 15 (April 5, 2013 Status Conference Order); doc. 17 (April 25, 2013 Scheduling Conference Order). On May 15, 2013, defendants filed a motion to dismiss for plaintiff's failure to comply with this Court's orders (doc. 18), which remains pending before the Court. On July 2, 2013, plaintiff was ordered to file her motion for leave to file an amended complaint on or before July 16, 2013. Plaintiff file her motions on July 17 and 19.

Plaintiff has not complied with the Court's Orders to set out the particulars of each individual plaintiff's claims. The proposed amended complaints in the related cases are virtually identical. Each proposed complaint contains allegations concerning other employees that are unrelated or not directly relevant to plaintiff's claims. I am concerned, however, that denying plaintiff's motions for leave to file amended complaints, will only continue to increase the expense that defendants have already incurred as a result of plaintiff's failure to comply with the Court's orders and the requirements of Rule 8 of the Federal Rules of Civil Procedures. Defendants have been forced to defend against claims that remain unclear even though the case has been pending over seven months and counsel has been repeatedly directed to provide

10

specific allegations of actionable conduct and corresponding dates for each individual plaintiff.[3] As a result, plaintiff's motion for leave to file an amended complaint is GRANTED in part. Plaintiff is DIRECTED to remove all of the allegations concerning other employees that are unrelated or not directly relevant to the individual plaintiff's claims and re-file the revised amended complaints within ten (10) days of the date of this Order. Plaintiff is warned that failure to comply with this Order may result in dismissal of this action for want of prosecution and failure to comply with orders of this Court.  Rule 41(b), Fed. R. Civ. P.  *See, Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). S.D. Ohio Civil Rule 55.1(c).

Accordingly, plaintiff Autrey's July 17, 2013 motion for leave to file an amended complaint (doc. 22) is **GRANTED in part.**

For the reasons stated above, doc. 22 in case no. 2:13-cv-00124, doc. 24 in case no. 2:13-cv-00125, doc. 23 in case no. 2:13-cv-00126, doc. 24 in case no. 2:13-cv-00127, doc. 25 in case 2:13-cv-00130, doc. 23 in case no. 2:13-cv-00132, doc. 23 in case 2:13-cv-00133, and doc. 22 in case 2:13-cv-00134 are also **GRANTED in part**. Plaintiffs are **DIRECTED** to remove all of the allegations concerning other employees that are unrelated or not directly relevant to the individual plaintiff's claims and re-file the revised amended complaints within ten (10) days of the date of this Order.

---

[3] I also note that in many of the related cases, plaintiffs failed to file replies in support of the motions to amend or provide any substantive argument to defendants' opposition. In this case, in which plaintiff did file a reply, plaintiff failed to respond to the majority of defendants' arguments.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F., 5 either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel<br>United States Magistrate Judge