**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH MILLER,** | : | |
| | : | **2:13-CV-00124 (Miller)** |
| **Plaintiff,** | : | **2:13-CV-00125 (Crozier)** |
| | : | **2:13-CV-00126 (Coleman)** |
| **v.** | : | **2:13-CV-00127 (Gibbs)** |
| | : | **2:13-CV-00129 (Johnson)** |
| **FOOD CONCEPTS INTERNATIONAL,** | : | **2:13-CV-00130 (Troyer)** |
| **LP, et al,** | : | **2:13-CV-00132 (Tigner)** |
| | : | **2:13-CV-00133 (McEldowney)** |
| **Defendants.** | : | **2:13-CV-00134 (Keegan)** |
| | : | |
| | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| | : | **Magistrate Judge Deavers** |
| | : | |

**OPINION & ORDER**

Before the Court is Defendants' Motion to Strike as Untimely Exhibits Attached in

Support of Plaintiffs' Opposition to Defendants' Motion *in Limine*. (Doc. 134.)  The Court

**GRANTS** the Motion.

## I.       BACKGROUND

Plaintiff Joe Miller commenced this action against Defendants Darren Del Vecchio, Food

Concepts International, LP, and Abuelo's International LP (collectively, "Defendants") in the

Franklin County Court of Common Pleas.  Nine other plaintiffs also filed Complaints against the

Defendants, and Defendants removed all the cases to this Court on February 12, 2013.  The cases

were consolidated for purposes of discovery and, later, nine Plaintiffs' motions for prejudgment

attachment.  Plaintiffs were former and current employees of Abuelo's restaurant in Columbus,

Ohio.  All Plaintiffs pleaded violations of the Fair Labor Standards Act ("FLSA") and breach of

contract claims.  (*See* Miller Doc. 38 at 1.)

1

On August 31, 2015, Defendants timely filed a motion *in limine* to exclude the testimony of Plaintiffs' opinion witness, Stephen C. Oberhousen (Doc. 125.)  Two days before Plaintiffs' response to the motion was due, Plaintiffs filed an unopposed motion for extension of time, which the Court granted.[1]  (Doc. 128.)  On October 1, 2015, Plaintiffs filed another motion for extension of time, arguing that they had not yet acquired the deposition transcript of Miro Lucanin, which was necessary for them to craft a response.  Defendants opposed the extension of time on the ground that Lucanin's testimony was irrelevant to the qualifications of Oberhousen. (Doc. 130.)  The Court "reluctantly" granted the motion for extension of time, noting that it was "difficult to discern the possible relevance of the subject deposition to the challenge of Plaintiffs' expert's credentials," and designated October 7, 2015 as the new deadline.  (Doc. 131.) Plaintiffs filed the response in opposition at 11:59 p.m. on October 7, 2015.  (Doc. 132.)  At 12:42 a.m., Plaintiffs filed exhibits in support of the response.  (Doc. 133.)  At that time, Plaintiffs provided no explanation to the Court why the exhibits were untimely filed.

Defendants now move to strike Plaintiffs' exhibits as untimely filed, citing what they characterize as a pattern of untimely filings and failures to comply with the rules of civil procedure.  In his response in opposition to the motion to strike, Plaintiffs' Counsel, Wesley T. Fortune, submitted an affidavit stating that he attempted to file the exhibits along with the opposition to the motion *in limine* but that he received repeated error messages on the Court's filing system until he was eventually successful at 12:40 a.m.  (Doc. 139-3 at ¶¶ 3-7.)

---

[1] Defendants contend that they had told Fortune that they would not oppose the first extension of time because Fortune represented that he needed the extension due to his involvement with a new organization that would require his relocation and related travel.  Copies of email communication between the parties, which were submitted by Plaintiffs in their opposition to the motion to strike, indicate that Fortune did so state to Defendants.  (Doc. 139-3.)

## II.    ANALYSIS

Local Rule 7.2(d) provides that:

> When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence.  Evidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition.  If evidence is not available to meet this schedule or circumstances exist as addressed by Fed. R. Civ. P. 56(d), counsel shall consult one another and attempt to stipulate to a joint motion for extension of the schedule established by this Rule; failing agreement, counsel shall promptly bring the matter to the attention of the Court.

Plaintiffs' counsel neither communicated with Defendants nor brought the late filing to the attention of the Court, where he could have filed a motion for leave to file out of time.  Instead, six days passed and Defendants then filed the motion to strike.

Although Plaintiff's counsel missed the filing deadline by less than an hour, he took no steps to address the late filing until Defendants filed a motion to strike.  This might be excusable error in some cases, but it is not the first instance in this case of Plaintiffs' counsel failing to meet deadlines and making excuses based on technological failures.  In a show-cause order by Magistrate Judge Abel, the Court found that Plaintiffs had not followed the instructions in its October 3, 2013 order to comply with Rule 8 by giving Defendants fair notice of each individual Plaintiff's claims against them.  (Autrey Doc. 33 at 3.)  In response to the order, Plaintiff's counsel filed amended complaints for several of the Plaintiffs that alleged nearly identical claims, contained allegations that directly contradicted one Plaintiff's deposition testimony, and pleaded no individual facts to support one Plaintiff's claims. (*Id.*)  The Court described Plaintiffs' counsel's justification for this failure:

> In response, plaintiffs' counsel did not maintain that the amended complaints complied with the October 3 Order. Instead, he asserted that he and his co-counsel drafted amended complaints, but on October 16 he and his staff were unable to find the word processing files for them. After his IT staff failed in their attempts to locate the files, plaintiffs' counsel and his staff hurriedly attempted to replicate the draft amended

> complaints in the 3-5 hours they had remaining before the filing deadlines. Now plaintiff's counsel has substantially recovered the draft amended complaints and could file them on October 21. Plaintiffs' counsel did not communicate this information to me or opposing counsel until the October 18, 2013 telephone conference.

(*Id.* at 3-4.)  In another order, the Court also barred some of Plaintiffs' expert reports as untimely when they attempted to submit reports containing new information after the Court-imposed deadline, while contending that the reports were not new.  (Doc. 115 at 3-4.)

Moreover, Plaintiff had already received two extensions to file the response, the second of which the Court "reluctantly" granted.  (Doc. 131.)  The Court also finds that Defendants are correct that Plaintiff's Counsel misrepresented to them his reason for seeking the first motion for extension of time, which they did not oppose but might have had they known that the reason for the request was to obtain the state-court deposition transcript of Mr. Lucanin.  (*See* Doc. 139-1.)

### III.    CONCLUSION

For the reasons stated above, Defendants' Motion to Strike (Doc. 134) is **GRANTED**. Plaintiffs' exhibits in support of their Response in Opposition to Defendants' Motion *in Limine* are **STRICKEN** as untimely.  As the Court's earlier Order (Doc. 135) provided, Defendants' Reply in Support of their Motion *in Limine* to Exclude the Testimony of Stephen C. Oberhousen is due within fourteen (14) days of this Order.

**IT IS SO ORDERED.**

        s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: April 27, 2016**