IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MILLER, | : | |
| | : | 2:13-CV-00124 (Miller) |
| Plaintiff, | : | 2:13-CV-00125 (Crozier) |
| | : | 2:13-CV-00126 (Coleman) |
| v. | : | 2:13-CV-00127 (Gibbs) |
| | : | 2:13-CV-00129 (Johnson) |
| FOOD CONCEPTS INTERNATIONAL, | : | 2:13-CV-00130 (Troyer) |
| LP, et al, | : | 2:13-CV-00132 (Tigner) |
| | : | 2:13-CV-00133 (McEldowney) |
| Defendants. | : | 2:13-CV-00134 (Keegan) |
| | : | |
| | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| | : | Magistrate Judge Deavers |
| | : | |

**OPINION & ORDER**

This matter is before the Court on Defendants' Motion for Attorneys' Fees and Costs. (Doc. 150.) The Motion is **DENIED**.

I.     BACKGROUND

Plaintiff Joseph Miller commenced this action against Defendants Darren Del Vecchio, Food Concepts International, LP, and Abuelo's International LP (collectively, "Defendants") in the Franklin County Court of Common Pleas. Nine other plaintiffs also filed Complaints against the Defendants, and Defendants removed all the cases to this Court on February 12, 2013.[1] The cases were consolidated for purposes of discovery. Plaintiffs were former and current employees of Abuelo's restaurant in Columbus, Ohio. All Plaintiffs pleaded violations of the Fair Labor

---

[1] One Plaintiff, Rachel Autrey, accepted Defendants' offer of judgment on April 3, 2016 and is no longer a party to this suit. *See Autrey v. Food Concepts*, Case No. 2:13-cv-131 (Doc. 76).

1

Standards Act ("FLSA") and breach of contract claims.  (*See* Doc. 38 at 1.)[2]  Wesley T. Fortune serves as counsel to all Plaintiffs.

Defendants filed a motion *in limine* to exclude the testimony of Plaintiffs' proffered opinion witness, Stephen C. Oberhousen, contending that: (1) Oberhousen was unqualified to render any expert opinion in this case; (2) any opinion he would offer would not assist the trier of fact; (3) he intended to testify to a legal conclusion regarding the FLSA; and (4) he was unqualified as a witness because Fortune Law Limited, Plaintiffs' counsel's law firm, is Oberhousen's joint employer.  (Doc. 125.)   The Court granted the motion, not reaching all of Defendants' arguments but disqualifying Oberhousen under Federal Rule of Evidence 702 because he "is not qualified by his knowledge, skill, experience, training, or education to offer opinion testimony."  (Doc. 147 at 7.)  The Court further found:

> First, although Oberhousen professes to have been involved as an opinion witness in five matters, there is no evidence that he has submitted an expert report in any of these matters and in his deposition he gave little to no indication of the type of opinions he offered in those cases.  Second, he lacks any relevant "knowledge, skill, experience, training, or education" in any subject-matter area at issue in this case. Fed. R. Evid. 702.  Although Oberhousen holds an MBA and has some experience with data management, the Court finds that this training and experience is not relevant to the issues of harm and damages calculations to which Oberhousen intends to testify.  His testimony does not "result[] from a process of reasoning which can be mastered only by specialists in the field."  *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 219 F.R.D. 587, 591 (W.D. Tenn. 2004) (citing Fed. R. Evid. 701 advisory committee's notes to 2000 amendments).  The Court considers Oberhousen's contributions to this case to be administrative, which does not qualify him as an opinion witness.

(*Id.*)  Defendants have now filed a motion for attorneys' fees that, they concede, is "an extraordinary request."  (Doc. 150 at 2.)  They contend that Plaintiffs' counsel acted improperly and in bad faith in designating Oberhousen as an opinion witness in this case and ask the Court,

---

[2] Unless otherwise specified, all document citations are to the docket in *Miller v. Food Concepts*, Case No. 2:13-cv-124.

pursuant to its inherent power and under 28 U.S.C. § 1927, to order Plaintiffs' counsel to pay their fees and costs in dealing with Oberhousen throughout this litigation. (*Id.* at 3.)

## II. LEGAL STANDARD

This Court has the inherent power to award sanctions for bad-faith conduct in litigation. *Runfola & Assocs. v. Spectrum Reporting II*, 88 F.3d 368, 375 (6th Cir. 1996) (per curiam). Whether to award sanctions in the exercise of its inherent power is within the discretion of the Court. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir. 2002). Inherent powers "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The Court may assess attorney fees in its inherent discretion when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46 (citation omitted). The relevant question for the Court is whether the party has "show[n] bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Id.* at 46 (citation omitted); *Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 302 (6th Cir. 2016).

Under 28 U.S.C. § 1927, "[a]ny attorney or other person ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under § 1927 sanctions are discretionary, *Runfola*, 88 F.3d at 375, and require "more than negligence or incompetence" but "something less than subjective bad faith," *Hall v. Liberty Life Assurance Co. of Boston*, 595 F.3d 270, 276 (6th Cir. 2010) (citation omitted).

## III. ANALYSIS

In their fee motion, Defendants catalogue a number of instances in which Plaintiffs' purported expert, Oberhousen, wasted their time and money, including responding to Plaintiffs'

3

earlier sanctions motion, which Defendants characterize as frivolous, moving to strike an improper affidavit from Oberhousen, dealing with expert reports that Oberhousen submitted after the relevant deadlines and later amended, drafting the motion *in limine* to disqualify Oberhousen, and drafting a motion to strike the documents Plaintiffs filed late in support of their opposition to Defendants' motion *in limine*. (Doc. 150 at 9.) They also cite unprofessional emails from Plaintiffs' counsel that they characterize as insulting and demeaning. (*Id.* at 7-8.) The Court understands Defendants' frustration because it, too, has expended significant time dealing with a litany of discovery issues, missed deadlines, and request for extensions in this case. It is also true that the Court has found, in granting Defendants' earlier motion to strike Plaintiffs' late-filed exhibits in support of their opposition to the motion to disqualify Oberhousen as an opinion witness, that Plaintiffs' counsel made misrepresentations to Defendants in seeking an extension of time to file that opposition brief. (Doc. 145 at 3-4.)

Defendants also point out that Plaintiffs' counsel has been sanctioned for engaging in bad faith litigation under Ohio Revised Code § 2323.51 by the Ohio Court of Appeals due to improper discovery conduct. *See State ex rel. Davis v. Metzger*, 2014-Ohio-4555, 2014 WL 5141649, at *2 (Ohio Ct. App. Oct. 9, 2014). In *Davis*, the court ordered Fortune to pay attorney fees of $28,332.05 to opposing counsel for filing a complaint for a writ of mandamus for a public records request and then, when the records were produced to him shortly thereafter, proceeding to engage in lengthy discovery rather than dismissing the mandamus action or amending his complaint to reflect that he had received the requested documents. *See State ex rel. Davis v. Metzger*, 2013-Ohio-1620, 2013 WL 1729353, at *3-4 (Ohio Ct. App. Apr. 17, 2013).

Although Plaintiffs' counsel's misrepresentation regarding the motion for extension of time disturbs the Court, and the Court will certainly take that incident into account when

determining whether to grant any future such requests by Plaintiffs' counsel, the Court cannot say that this incident, or the others cited by Defendants, reflect bad faith or otherwise vexatious conduct.  Additionally, although Oberhousen did admit in his deposition that he is not an expert on the FLSA, Plaintiffs' argument in opposition to Defendants' motion *in limine* to exclude Oberhousen's testimony focused on Oberhousen's supposed expertise in handling and analyzing massive quantities of data for purposes of damages calculations under the FLSA.  (Doc. 132 at 11.)  Despite ultimately rejecting Plaintiffs' argument and granting the motion *in limine*, the Court cannot say that this argument was entirely frivolous so as to warrant sanctions.  (*See* Doc. 147 at 6-7.)  The Court finds that the exclusion of Oberhousen as an opinion witness is a sufficient sanction for Plaintiffs' counsel's conduct here.  Unlike in the state-court case in which he was sanctioned, Defendants have not shown that Plaintiffs' counsel's conduct has gone beyond "negligence or incompetence."  *Hall*, 595 F.3d at 276.  Nor is the Court convinced that Plaintiffs' counsel has acted in bad faith or hampered the enforcement of a court order.  *Chambers*, 501 U.S. at 46.  Accordingly, the Court declines to impose sanctions on Plaintiffs' counsel at this time.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Attorneys' Fees and Costs is **DENIED**.  (Doc. 150.)

**IT IS SO ORDERED.**

       s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 21, 2016**